Mr. Fitchin, welcome back. Thank you. Good to be back. Good morning. May it please the court. I am Steve Fitchin with the National Legal Foundation on behalf of Steve Lefemine, the appellant in this case. The issue before the court today is whether Mr. Lefemine as a prevailing party is entitled to attorney's fees or whether the very narrow special circumstances exception would prohibit that. I think it's important to remember how Mr. Lefemine prevailed. When this case was decided, and still as of last night, it was the only case in the country in which a pro-life protester prevailed on free speech, peaceable assembly, and free association claims. It's a very important persuasive case. We've discussed that there's no presidential value in that, but it is persuasive because it is so unique. Fairly unique because he should never have been put in that position in the first place, but the court has said that he's a prevailing party, and I think that's rightly so. Yes, Your Honor, and that's exactly right. He should never have been put in that position, and he was threatened with arrest twice. After a demand letter, we felt compelled to bring the lawsuit, and his rights have been vindicated, and yet the officers in this case say there is no public purpose to this litigation. They also say there's no precedent set by this case, but, of course, there is not by the district court's opinion on the three claims what there is by the Supreme Court's opinion on the prevailing party, and, of course, that opinion is already being very widely cited. And with that context, I would just like to explain why each of the… Widely cited in many different circumstances. Yes, yes. It really applies, of course, to a lot of cases. That's right. That's exactly right. As we briefed to the Supreme Court as long ago as 1983, the Supreme Court had identified 150 different federal statutes in which prevailing party, substantially prevailing party, successful party is used, and because these statutes are all construed similarly, they all impact each other. And so the prevailing party precedent is going to impact any protester on any side of any issue. So it is very significant precedent. And with that context, I would just like to explain why the three justifications from the district court cannot be right. Two of them really go to qualified immunity. One of them was the good faith of the officers, and the other was no policy or practice by the sheriff's office, which, just as a side note, the sheriff's office was not even a party to the litigation. We actually amended the complaint to remove the sheriff's office as a defendant, but as a side note. But both of those issues impact qualified immunity. And qualified immunity simply cannot be a reason or can't be a special circumstance. As the Supreme Court said in affirming this court's Pulliam opinion. I know you have, but just kind of refresh us as to what a special circumstance, what would constitute a special circumstance? Well, there is no laundry list, and the cases are legion. They're rarely found. Some things that have been found, a fee request that shocks the court's conscience. Well, of course, that can't be here, because as the officers keep saying, we haven't even applied for the fees yet, and so that can't be it. So you could come here if you shocked the court's conscience with the amount you asked for. That's right. That's right. We're very mindful of that, Your Honor. Some other things that have been found, if there is not much success, that ought to go to the amount of the fee award, but some courts have gone ahead and said, well, it's going to be zero anyway, so they sort of put the two analyses together. But that is one of the things that the district court said, that the relief here was not significant. But as we pointed out, and this is the very last page of the joint appendix, the Supreme Court said the relief does make Mr. Lefamine eligible for fees. Special circumstances, if they exist, must be found elsewhere. So the relief itself cannot be a special circumstance here, although it could be in some other case. And that relief being injunctive or declaratory? That's a very interesting point, because if you remember from last time, we had this long discussion as to why we wanted the declaratory relief. And we said then it really goes to the proportionality. Psychologically. I'm sorry, when you say proportionality, you mean accurately reflecting the degree of success? Is that what you're describing? Yes. I just wanted to know if that's what you mean. Yes, that's right. And in particular, that's one of the factors in the Mercer case, when we get to how much the fee should be. And both the officers and Mr. Lefamine, we've sort of anticipated that a little bit. We've both discussed proportionality already in the briefing. And so we did get the injunctive relief. And then, Judge Winn, when you wrote the opinion, you said we must construe the lower court's opinion as having granted the declaratory relief as well. So he got injunctive relief. He got declaratory relief on all three claims against all five defendants. And so, again, they want to paint this as very narrow injunctive relief. We disagree with their reading of that. But I think it's a moot point, because the Supreme Court said the relief is enough for him to get fees unless there are special circumstances. And so the relief itself cannot be a special circumstance. I have a sort of, if you finish? Yes, yes. A kind of a practical problem. What are you seeking? What are you asking us to do? What relief are you seeking? Yes, the relief that we asked for in the brief was that you would remand with instructions to allow Mr. Lefamine to file his petition, his application for fees. It is possible. We did not make this argument in the brief. But there are cases from the circuit that stand for the proposition that this court could entertain a fee request itself. But in our brief, we asked for… Would that be without a delineation of what the appropriate special circumstances should be that are in or out? Well, no. I think that if this court were to have allowed us to make a fee application here, that would be in the case that you agree with our argument here, that you agree that the district court was wrong about special circumstances, that, in fact, there are none. And then we would either here or in the district court apply for the fees. And, of course, then there would probably be a dispute as to is it… Well, I guess the question is whether the district court should be allowed to consider those factors which you think or at least concede are appropriate. And why should we do that in the first instance? No, I'm not suggesting that you should do that. What I'm suggesting is that the district court has already had its shot at that. Yeah, but it did so, at least you say, considering at least some factors that are not appropriate. Yes. And I don't think that it should… You know, we often talk about litigants not getting a second bite at the apple. I don't think the district court should get a second bite at the apple either. It did its best to find special circumstances. The only things it came up with were things that really don't stand up. And, therefore, there would be no others. So with respect to the qualified nature of the relief, you're not suggesting that's not a sufficient circumstance, but you're saying that may go to the quantum, the amount of fees as opposed to zero? Yes, I think that that takes us to Mercer. And Mercer has three factors, the proportionality, the importance of the issue, and how it impacts the policy, the public purpose. And so, certainly, if we get the relief that we asked for, which is a remand with instructions, certainly the district court can then look at those things and should, would need to under this court's precedent. Absolutely. And the instructions would be that the special circumstances identified by the court here do not go to the question of whether an appellant is entitled to an award, although they may be revisited in the context of the amount of the award. I really do want to understand, we've been around on this, and there would appear to be the distinct possibility that you could make up the application and get zero. Right. So to the extent, I'm just trying to understand, what are you asking, assuming we agree with your argument, what the special circumstances would look like? Well, I think that we would simply like this court to remand, say that the district court was incorrect, it brews discretion by erring, as we talked about the standard review, it's actually a little tricky there, there is error involved in that abuse of discretion standard, but that the district court was wrong, those special circumstances do not preclude a fee award, and therefore please allow normal briefing on a fee application. I mean, that's typical in the district courts, that both sides get to brief it. And I think that it would be entirely appropriate for the officers to be able to make whatever arguments they want in opposition to some or all of our hours, our rates, all the typical litigation that happens over a fee dispute, but that the fee motion itself should be permitted before the court. That's, I mean, to be precise, that's what we would like to see happen. And we, in the brief, we also make a few other points about sort of arguments in the alternative, that the court used the wrong test, but those things really were in the alternative. The bottom line is that the three factors, no matter how you get to them, cannot be special circumstances. Because of the relief that's already been indicated by the Supreme Court, it is adequate, and we did make additional arguments as to why that is true in the proportionality argument, and also that the other two factors really are both just subsets of qualified immunity. And again, the Supreme Court in Pulliam, affirming this court, quoted that language from the Senate report, that's quoted by so many cases, and they said one of the very purposes of 1988 was for plaintiffs who would be barred from any type of damages because of immunity defenses. And so those are additional reasons why we believe that all three reasons were incorrect. And I have some time left, and I'd be glad to answer anything, any other questions you might have, but basically we just believe that none of the three will stand up. Well, thank you very much. You have some time for rebuttal as well. Yes. All right. Thank you. May it please the Court. Excuse me. My name is Andrew Lindeman, along with Carly Harder, who's with me here today. We represent the appellees in this case. As your Honors are obviously familiar with this case, let me touch on a couple of things initially. Number one, what is the standard of review? The standard of review is exactly what this Court said it was in your first opinion, which is an abuse of discretion standard. Reading the briefs, and particularly the reply brief, it would suggest to me that the appellant may not agree with that and may try to argue or is attempting this Court to apply some sort of de novo review, and that's clearly not the standard. And this Court indicated that and indicated it quite correctly, and obviously that's not part of the portion of the order that the Supreme Court vacated. In addition, this suggestion that the Supreme Court addressed the issue that's before this Court and was before the District Court on remand is absolutely not correct. The Supreme Court's decision was extremely limited. In fact, the Supreme Court didn't even allow a full briefing on this case and didn't allow any oral argument. They addressed simply the one line in this Court's decision, initial decision, that suggested that there may not be a material alteration of the relationship between the two parties, and therefore the District Court's decision could be read as finding that there was no prevailing party, that Mr. Lefmy was not a prevailing party. And as Your Honor well knows or well remembers, the only discussion of attorney's fees in that initial District Court decision was as follows. Under the totality of the facts in this case, the award of attorney's fees is not warranted. We argued that the first time we were before you, which was over at Campbell Law School, that that line needed to be read within the context of the entire opinion, and therefore the judge's rulings regarding qualified immunity, and not as much the immunity aspect of it, but the finding of objective reasonableness, which this Court then affirmed, and in fact in very strong language strengthened that entire argument, that based upon that language, it was clear that the District Court's ruling was based upon a finding that any type of award would be unjust. This Court didn't go that route. This Court took the position that there wasn't evidence to support a finding that Mr. Lefmy was a prevailing party, and it is that issue and that issue alone which is what the Supreme Court vacated. And the Supreme Court, in very clear language I would submit in the final paragraph of its decision, indicated that it was not making any decision as to whether or not fees must be awarded in this case. They simply found that Mr. Lefmy qualified as a prevailing party, and as a result was eligible to make a claim for attorney's fees, but not necessarily that he was to be awarded attorney's fees. And in fact, if I can quote one line from the Supreme Court's decision, it says, neither of the courts below addressed whether any special circumstances exist in this case, and we do not do so whether there may be other grounds on which the police officers could contest liability for fees is not a question before us. And that's the question that ultimately this Court remanded to the District Court, and that's the question that's before this Court now. The reference to other grounds, which is apparently what Mr. Lefmy and his counsel are now interpreting to suggest that just circumstances cannot be based upon the relief or the very limited relief that was awarded, the other grounds is the issue dealing with whether or not Mr. Lefmy qualifies as a prevailing party. The Supreme Court was clearly not foreclosing any bases for special circumstances. None of those issues were before that Court. In fact, as I've stated and as is clear from the Court's question earlier, we don't even have a petition for attorney's fees that was ever filed in this case. So I think to suggest that the Supreme Court was ruling out any factor or any consideration that could constitute a special circumstance is absolutely a misreading in that decision. But it can go back for a determination that, assume that we decide that the District Court's finding that an award of attorney's fees was an abuse of discretion, if we agree with that proposition. It would go back for a briefing and a decision about whether special circumstances exist that affect the amount of the award. Wouldn't that be the next logical step? That would be the next logical step. And certainly there are a lot of issues that would then be taken up. I mean, we don't have, you know, the actual fee petition hasn't been filed, so we don't have the fees that they're actually claiming. There could be arguments about duplicative fees. There could be issues about the hourly rate that's being charged in all the Barber v. Kimball standards. I mean, there's also clearly, there's no question, as this Court knows, the plaintiff did not prevail on his entire claim. So clearly there would be a proportionality aspect to it. But we don't believe and submit to this Court that a remand is necessary because what this Court remanded to Judge Hurlong after the Supreme Court's decision was whether or not there are special circumstances that exist. And he clarified those. That's essentially what he found in his very first order in a one-sentence decision on attorney's fees when he precluded them. But now he's given a multiple-page opinion that sets out exactly what was his basis originally for finding that attorney's fees weren't appropriate. And he relied on three different factors. And I would submit to the Court that all three factors within his discretion constitute special circumstances that would make a ward of attorney's fees in this particular case unjust. And that there has not been an abuse of discretion here. There has not been an error of law that was made. The determination that Judge Hurlong made is not based on clearly erroneous facts. And for that reason, this Court should affirm. And just to go through those very briefly, one of the points that we raised, and let me first touch on this subject. Judge Hurlong used a totality of the circumstances approach. I haven't heard that argued here today that that wasn't appropriate, but certainly the briefs argue that that wasn't appropriate. The appellant takes the position that this Court has no test. I'm not sure exactly what no test means. It's definitely not clear in the Fourth Circuit's jurisprudence how this Court approaches a review of special circumstances. The Sixth Circuit has actually issued an opinion that looked at all the different circuits, and they suggested that the Fourth Circuit takes a case-by-case approach. And I don't disagree with that. But then in their brief, Mr. Lefamine and his counsel argue that somehow a totality of the circumstances approach is inconsistent with a case-by-case approach. And frankly, I don't follow the logic of it, and I don't believe that they've shown the logic of that. I think the totality of the circumstances can be viewed on a case-by-case basis, and I believe that Judge Hurlong did not abuse his discretion in looking at what he described as the totality of the circumstances, where he essentially said, I'm looking at these three factors. Each one looked at in isolation may not be enough to deny fees, but the totality of those factors certainly do justify a denial of fees in this case. And one of the things that he looked at was the fact that qualified immunity was granted to the defendants. And he uses the term good faith interchangeably with qualified immunity, and I would submit to the Court that that shouldn't detract from his analysis because good faith is not exactly qualified immunity, even though many people still interchange those terms. In fact, I gave a cite from, I think, a 2011 case of this Court, where this Court actually called it good faith qualified immunity. Obviously, as this Court has dealt with qualified immunity, Your Honors have many, many times, you know it's not a subjective standard. It's an objective reasonableness standard, and the United States Supreme Court, when they issued their decision in the Harlow case back in 1982, they got away from a subjective standard. They overturned the subjective good faith immunity standard from Wood v. Strickland, and they went to an objective reasonableness standard. And so what we argued, actually what we argued this Court initially, and then what we again argued Judge Herlong on remand, is that an appropriate factor to look at is the fact that the defendant's got qualified immunity. And we're not arguing that it's because of immunity that they can't collect fees, and that's why the Pulliam case that the appellant relies on is distinguishable. That dealt with judicial immunity, and the argument there was simply because the defendant was entitled to judicial immunity, they couldn't pay attorney's fees as well. That's not our argument. There are going to be situations where a defendant gets qualified immunity. There may be some relief, other types of relief awarded that would justify fees. But in this particular case, it is overwhelmingly probative that these officers were found to, that their actions were found to be objectively reasonable in light of clearly established law. And the reason why that's so significant is, as Judge Herlong found, and this Court actually expounded upon that, was the fact that in 2005 there was not clearly established law that would suggest that the conduct by these officers in simply asking the abortion protesters to take their graphic signs down, didn't ask them to stop protesting, didn't ask them to move from the area, they simply asked them to take the graphic signs down for reasons of traffic safety and for reasons of because they received complaints that children in passing by cars had seen this and that there were complaints from citizens. And as this Court outlined in your decision in 2005, there was no clearly established law suggesting that that was inappropriate. This Court even went further and said there was no clearly established law that suggested that those signs were content-based and the actions of the officers were content-based. Is it your position, or do you agree, that the relief given here supports an award of attorney's fees, but in the face of that there are special circumstances? Or do you take the position that the relief given does not support an award of attorney's fees? Well, I agree. Let me just be real clear. I agree that the fact that there was injunctive relief awarded, as extremely limited as it was, using Judge Hurlong's exact terms, makes Mr. Lefamine a prevailing party. And, in fact, that's why we didn't argue that initially, even though that was this Court's decision. Does that support an award of attorney's fees? It does not, because our position is and has been all along that there are special circumstances that would make an award of attorney's fees, in this case, unjust. So, yes, he's eligible. The reason I'm asking this is because they quoted the Supreme Court sentence, and I've been revisiting that sentence, when the Supreme Court said, so when the District Court ordered defendants to comply with the law, the relief given, as the usual case involving such an injunction, supported the award of attorney's fees. That seems to indicate, at least from their perspective, and maybe just reading it straight up, this language, the relief given, when you take out that little clause that is sort of interjected in it, supported the award of attorney's fees. And then the remand follows, well, give them attorney's fees unless you find special circumstances. And, of course, their position is one of those special circumstances can't be the relief given. What they are saying there, when they say the relief given, and again, the next phrase is very key, as in the usual case involving such an injunction, supports the award of attorney's fees. What they're saying, and they say it then in the very next sentence, that qualifies Mr. Lefamine as a prevailing party, which makes him eligible to recover attorney's fees, but does not answer the ultimate question that he deserves attorney's fees. And so the limited nature of the relief, and quite frankly— It sounds like we're saying the same thing, except I think it's just a question of how we view it, is in light of that earlier statement, even with the limitation on the injunction, can relief be a basis for a special circumstance? If the Supreme Court says it supports, supported the award of attorney's fees, meaning it supported it, which then seems to indicate, okay, but there may be special circumstances, but they can't be the relief. There was no award of attorney's fees for the Supreme Court even to review. That's not what they're saying. They're saying that supports a finding that he is a prevailing party and therefore can recover attorney's fees. It's no different than the Farrar case, where the Supreme Court found that abdominal damage of $1 didn't support an award of attorney's fees, but they still found that he was a prevailing party. So there are special circumstances that can exist. There's also the whole analysis of whether there's a technical or de minimis award, and that goes to the question of whether or not there's relief. I would suggest to the Court, and I don't know of any case that is counter to this, is that one of the special circumstances can be the relief that was awarded. In this particular case, as Judge Hurlong indicated, the injunctive relief was extremely limited. In fact, given this Court's opinion, where because we didn't appeal the actual injunction, and part of the reason we didn't appeal the actual injunction is because there wasn't an award of attorney's fees, in Judge Hurlong's initial order. But that award of injunctive relief is highly questionable. In fact, this Court several times indicates in its opinion, in your opinion, that that issue is not before you. You, in fact, footnote 5 of your decision. You say, No party challenges the District Court's determination that plaintiff's First Amendment rights were violated by defendant's conduct. As such, we assume without holding that the District Court's holding on that question is correct. You go further, then, and talk about the fact that nationally there is no clear holding concerning whether restrictions, such as what we had in this particular case involving graphic signs, might be deemed content-based or content-neutral. Go to footnote 6. You say, As noted above, because this issue is not before us on appeal, it remains an open question in this circuit. Mr. Lindeman, thank you. That leads to the question that I was getting ready to ask, and that is what difference does it make to an attorney's fees analysis whether the officers are entitled to qualified immunity? Well, the difference it makes is one of the factors to look at, and again, I will be the first to admit, there's no case that actually supports this and there's no case that is counter to it, but that the objective reasonableness of the officers' actions is a fair consideration in determining whether or not an attorney's fees is unjust. The incentives that the statute is intended to provide for plaintiffs, what incentive does a plaintiff have in this fee-shifting statute if we establish a rule of law that says a qualified immunity would deprive that plaintiff of attorney fees, even though he prevails? Well, again, it depends on the circumstance. I'm not suggesting to you that there aren't cases out there where qualified immunity is granted, and I'll give you a perfect example. There's one cited in the appellant's brief that I actually was involved in tangentially, the Summers case, dealing with the I Believe license plates in South Carolina. Judge Currie granted qualified immunity to the director of the Department of Motor Vehicles in South Carolina, which was responsible for issuing these license plates. I believe they were Christian-oriented license plates that were authorized by the South Carolina General Assembly. Judge Currie ultimately awarded attorney's fees in that particular case, and that would be an appropriate award in a case like that. One of the issues that she looked at was the fact that both the lieutenant governor and the attorney general of South Carolina were going around the state actually addressing why they believed that that was constitutional, even after Judge Currie had issued a temporary injunction. Mr. Lindemann, we routinely grant 1983 plaintiff's attorney's fees, even in the context of qualified immunity analysis, on the theory that those individuals stand in the shoes of others asserting constitutional rights. We did that in a case that I sat on recently, and I believe Judge King wrote the opinion. I'm not familiar with case law that factors in the presence or absence of qualified immunity in the offices of whether or not there was a clearly established right at issue, factoring into the attorney's fees analysis, especially when the plaintiff has prevailed. Well, as I indicated, there is clearly no authority either way on that particular issue. But what you're looking at is whether or not there's special circumstances that would render an award of attorney's fees unjust. It's a fairness determination. And so what I would submit to the court is that when the actions of the officers are deemed to be objectively reasonable, when the court, both the district court and, in this case, this court, have found that there is absolutely no law that would make their actions unconstitutional, give them any type of notice that their actions were unconstitutional. And, in fact, this court goes a step further, and without actually deciding it, because the issue wasn't before you, cite numerous cases from other circuits as well as a Supreme Court case that would suggest that the actual injunction was not appropriate. The district court granted summary judgment to CCL on its First Amendment claims. They did. The district court did not take into consideration, apparently, in considering special circumstances. Well, and that issue wasn't before them as far as the attorney's fees at that point. And, of course, then Judge Hurlong did make, in that one-sentence determination, he did find that they would not be warranted was his language in his initial decision. As I indicated, he's now supported that. And he supported that by showing, number one, as I indicated, the objective reasonableness and the minimal relief award, and also the fact that, as we argued, he discussed it in terms of no policy or practice or custom by the department, but, as we indicated, there was no history of any problems in dealing with abortion protesters in Greenwood County. You weren't dealing with, and I see my time's up, if I can just finish this point. They weren't dealing with recalcitrant officers. They weren't dealing with a situation where officers were constantly violating the law. Just the opposite in this particular case, as Judge Hurlong found. So we would ask that the court find that there was not an abuse of discretion here, that there were special circumstances do exist, and ask the court to affirm. Thank you. Thank you. Mr. Kitchen. Thank you. On the standard of review debate, we'll simply rely on page 7 of our opening brief and page 3 of our live brief and not rehash that again. We believe that the way to read the Supreme Court opinion is exactly the way Judge Wynn suggested it could and should be read, looking at the exact sentence that he read out loud a moment ago. We believe that is the correct reading of it. As far as the totality of the circumstances test, a couple of points there. Number one, it may not be that important because we argued that in our opening brief when we zeroed in on good faith. But they're saying, well, it's really not about good faith anyway because it's post-Harlow. And if they want to say it's not about good faith, that's fine by us because our whole point was it should not be given any weight anyway. So if they want to just say, no, remove this objective, good faith as Harlow did, and go strictly with the objective, we're okay with that because we think that's actually the way it should be looked at. It should be looked at objectively, but it cannot constitute a special circumstance. And that which leads me to a point of response. Mr. Lindeman mentioned that Pulliam was a judicial immunity case and that somehow that makes a difference. But our use of Pulliam is because the court quoted the House report, and the House report was not limited to judicial immunity cases. What the House report says is it should be observed that in some cases, immunity doctrines and special defenses available only to public officials preclude or severely limit the damage remedy. Consequently, awarding counsel fees to prevailing plaintiffs in such litigation is particularly important and necessary. That proposition is not limited to judicial immunity cases. Does that mean that that acts as an absolute bar to the consideration of immunity issues when dealing with these cases? The short answer to that is that many cases in many district courts and many circuits have so held. They quote this language all the time. It's completely irrelevant in every circumstance. It's not irrelevant in some circuits. So, for instance, in the Ninth Circuit, they do use the good faith, even post-Harlow, they will use the good faith component of qualified immunity in conjunction with other things to sometimes say there were special circumstances. So it's not an absolute bar in all circuits. But our point is that, going back now to the good faith part, not to all of qualified immunity, in this circuit, as the district judge acknowledged, good faith is not a special circumstance. That's this court's precedent, and that's what controls here, of course. And so the good faith cannot be. As far as if your honors do want to look at whether or not totality of circumstances was a correct test, again, we think maybe you don't have to after their concession, that it's really, we need to think post-Harlow. But if you wanted to look at that, the analogy is, let's say there's a best interest of the child analysis, and there's a statutory laundry list of you can look at these factors and only these factors. And let's say that good faith is not on that list, to mix my metaphor, but you know, you've got a list of factors and good faith isn't there. Well, the district judge said, well, I know that. I know the Fourth Circuit says I'm not supposed to look at good faith, but here's a way that I think that I can. And that was the point we were trying to make, why totality of circumstances is wrong and case by case is correct. That was our point there. And as far as their objective behavior, he was threatened twice. He was shut down on the street once, and then we wrote a letter, and Greenwood City Sheriff said, come on back. But the Greenwood County Sheriff says, we'll arrest you if you do. So there is a pattern in practice with regard to these litigants, whether there is a broader practice or not. And when we were here, well, when we were at Campbell last time, we had a discussion of how long the case would impact this if we ever came back. And there's something going on here where the district judge is, I think, trying to get a little bit away from the law of the case. And if you'll indulge me, I'd like to read just a couple of things from the joint appendix. And this is from page 397. He says, confronted with a litany of, and this is his opinion that we've appealed now to his second opinion, confronted with a litany of complaints and mounting traffic flow issues exacerbated by protesters' close proximity to ongoing motorists, the defendants were attempting to diffuse an unsafe situation that was quickly escalating. But that's not what he actually found. On page 285 of the joint appendix, and I'm going to run out of time. On 285, which is his first opinion and which is law of the case, what he did there is he looked at their arguments about traffic safety and he looked at ours. So he looked at both sides of the argument. And at the bottom of page 285 of the joint appendix, despite defendants' arguments that traffic safety was a compelling interest, in his conversation with plaintiff, Major Smith did not mention traffic safety as his reason for wanting the signs down. The record evidence is that two citizens made complaints. However, neither complaint stated that the signs were interfering with traffic. And if you skip the block quote, the record is devoid, however, of any evidence of car accidents, unusual or dangerous congestion, or any similar traffic concerns. The court finds that traffic safety under these facts was not a compelling interest. And that's just an example that we do believe he's trying to run away a little bit from the law of the case. Thank you. Thank you.
judges: Allyson K. Duncan, James A. Wynn, Jr., Albert Diaz